IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DAVID SCHACHTER, | § |
| *Plaintiff,* | § § § |
| v. | § § |
| CHRISTI MOELLER, ASHLEY MARTINEZ, JAMES YOUNG, KENNETH CARPENTER, CHASE FULLER, EUGENE CARRANZA, AND JESSICA REBENA, | § § § CASE NO. 1:24-CV-001143-DH § § § § § |
| *Defendants.* | § |

**DEFENDANT CHRISTI MOELLER'S ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Defendant Christi Moeller ("Moeller") who files this Answer and Affirmative Defenses in response to Plaintiff's First Amended Complaint. In connection therewith, Defendant would show the Court as follows:

**I.   ANSWER**

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies each and every, all and singular, allegation contained in Plaintiff's First Amended Complaint ("Complaint"), and demands strict proof thereof as required by law pursuant to the Federal Rules of Civil Procedure, except those allegations specifically admitted below:

1. In response to Paragraph 1, Defendant admits the lawsuit is about the Plaintiff and that he taught English. Defendant lacks knowledge or information sufficient to form a belief about and/or denies the remainder of the allegations contained in the paragraph.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3 in so far as they relate to Moeller and lacks knowledge or information sufficient to form a belief about the truth of the allegations against the remaining Defendants.

4. Defendant admits Plaintiff was acquitted by a jury on September 26, 2023 in so far it is a fact not subject to reasonable dispute because can be accurately and readily determined from State Court records. Fed. R. Evidence 201. Defendant denies the remainder of the allegations in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about Plaintiff personally, including the tenure of his teaching career, and denies the remainder of the allegations in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding Plaintiff's criminal history and denies the remainder of the allegations in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and the corresponding photographs.

8  Defendant admits the allegations in Paragraph 8.

9. Defendant admits she called Plaintiff on or about September 4, 2022, but otherwise denies the allegations as stated in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 as Plaintiff does not identify which colleagues and school district contacts confirmed the "bizarre rumors" or that they were "rampant on social media." Defendant otherwise denies the allegations in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendant admits school officials are mandatory reporters under the Texas Family Code, but otherwise denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant admits school officials are mandatory reporters under the Texas Family Code, but otherwise denies the allegations in Paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 insofar as they relate to the Plaintiff's impressions and rationale for submitting the resignation. Defendant admits that Plaintiff resigned.

28. Defendant admits Plaintiff signed and dated a "Separation Agreement and Release of Claims" on September 21, 2022, as alleged in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and specifically denies that he was threatened.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and denies that Superintendent Bonewald threw a manila envelope on the table.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 but denies that Defendant and Superintendent Bonewald misled and tricked Plaintiff.

41.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 but denies that Defendant participated in a conspiratory or malicious plan to ruin his career.

42.    Defendant denies the allegations in Paragraph 42.

43.    Defendant admits the allegation in Paragraph 43.

44.    Defendant admits she was the principal of the school where Plaintiff taught but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44.

45.    Defendant admits she lives and works in Texas and that Plaintiff has sued her in her individual capacity, but denies that she participated in a conspiracy to violate Plaintiff's civil rights as alleged in Paragraph 45.

46.    Defendant denies the allegations in Paragraph 46.

47.    Defendant denies the allegations in Paragraph 47, including subsections a-c.

48.    Defendant denies the allegations in Paragraph 48.

49.    Defendant denies the allegations in Paragraph 49.

50.    Defendant denies the allegations in Paragraph 50.

51.    Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant admits that Ashley Martinez was assigned to the campus where Plaintiff taught as a school resource officer and denies the allegations in the remainder of Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55. Defendant denies she made an agreement with Defendant Martinez and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 a-c.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Defendant denies that she wanted to make sure that Plaintiff never taught again, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 a-i.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71. Defendant admits Plaintiff has sued Defendant Carpenter in his individual capacity but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 a-c.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 a-i.

77. Defendant denies that she wanted to make sure that Plaintiff never taught again, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80. Defendant admits Plaintiff has sued Defendant Fuller in his individual capacity but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85. Defendant denies that she wanted to make sure that Plaintiff never taught again, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89. Defendant admits Plaintiff has sued Defendant Carranza in his individual capacity but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 a-c.

92. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 a-b.

95. Defendant denies that she wanted to make sure that Plaintiff never taught again, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98. Defendant admits Plaintiff has sued Defendant Rabena in her individual capacity but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98.

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102. Defendant denies that she "wanted to ruin Plaintiff's teaching career," but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104. Paragraph 104 is a legal argument to which no response is required.

105. Defendant admits the Court has subject-matter jurisdiction over Plaintiff's §1983 claims under 28 U.S.C. § 1331 as stated in Paragraph 105.

106.    Defendant maintains that the Court does not have subject-matter jurisdiction over Plaintiff's declaratory judgment claim as stated in Paragraph 106. Regardless, this claim was dismissed (ECF No. 43).

107.    Defendant admits that the Court has general personal jurisdiction over Defendant Moeller as she works and lives in Texas but lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108.    Defendant admits that the Court has specific personal jurisdiction over Defendants because Plaintiff alleges their misconduct occurred in Hays, County, Texas.

109.    Defendant admits venue is proper as all the alleged events occurred in the Western District of Texas as stated in paragraph 109.

110.    Defendant incorporates by reference all of the above-related paragraphs with the same force and effect as if herein set forth.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first part of Paragraph 111.

    a.    Defendant denies that she and Defendant Martinez agreed to use the false allegations to ruin Plaintiff's career as stated in Paragraph 111 a.

    b-f.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 b-f.

    g.    Defendant admits she did not report the alleged incidents to CPS as stated in 111 g.

    h.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 h.

    i.    Defendant denies that she agreed to use the false allegations to ruin Plaintiff's career as stated in Paragraph111 i, but otherwise lacks knowledge or information to form a belief about the truth of that subsection.

  j-m. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 111 j- m.

112. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 115.

116. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 116.

117. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 117.

118. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 118.

119. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 119.

120. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 120.

121. Defendant denies that she acted under color of state law, to directly and proximately cause the violation of Plaintiff's rights and his alleged ensuing injuries as stated in Paragraph 121. Defendant otherwise lacks knowledge or information to form a belief about the remainder of Paragraph 121.

122. Defendant denies that her actions were willful, deliberate, and malicious and that she acted with reckless and callous indifference to Plaintiff's rights. Defendant denies that she should be

punished and deterred by punitive damages. Defendant otherwise lacks knowledge or information to form a belief about the remainder of Paragraph 122.

123. Defendant incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

124. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 124.

125. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 125.

126. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 126.

127. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 127.

128. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 128.

129. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 129.

130. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 130.

131. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 131.

132. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 132.

133. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 133.

134. Defendant incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

135. Defendant denies the allegations contained in Paragraph 135.

136. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 136.

137. Defendant denies that she in anyway participated in the allegations stated in Paragraph 137.

138. Defendant denies that she threatened to forward false and unsubstantiated allegations to Child Protective Services, the Texas Education Agency, or law enforcement as stated in Paragraph 138. Defendant otherwise lacks knowledge or information to form a belief about the truth of Paragraph 138.

139. Defendant denied that she participated in any conspiracy or misconduct as stated in Paragraph 139. Defendant otherwise lacks knowledge or information to form a belief about the truth of Paragraph 139.

140. Defendant denies that she made any promise not to inform Child Protective Services or the Texas Education Agency about the false allegations as stated in Paragraph 140. Defendant otherwise lacks knowledge or information to form a belief about the truth of Paragraph 140.

141. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 141.

142. Defendant denies she participated in a conspiracy as stated in Paragraph 142. Defendant otherwise lacks knowledge or information to form a belief about the truth of Paragraph 142.

143. Defendant maintains that the Court does not have subject-matter jurisdiction over Plaintiff's declaratory judgment claim as stated in Paragraph 106. Regardless, this claim was dismissed (ECF No. 43).

144. Defendant's Answer to Plaintiff's First Amended Complaint incorporates its prior motion to dismiss (ECF No. 24).

145. Defendant reserves the right to amend her complaint should the need become apparent throughout the factual development of the case.

## I. AFFIRMATIVE DEFENSES

146. Notwithstanding the foregoing, Defendant asserts the alleged acts complained of by Plaintiff are unsubstantiated and that in she in no way participated in a conspiracy to violate Plaintiff's constitutional rights.

147. Notwithstanding the foregoing, Defendant further asserts that the alleged acts complained of by Plaintiff are prohibited by Wimberly Independent School District's policies, procedures and administrative guidelines.

148. Notwithstanding the foregoing, Defendant specifically denies any liability in this case under any of the theories of recovery articulated by the Plaintiff and further denies the Plaintiff is entitled to any of the relief requested in Plaintiff's First Amended Complaint.

149. Notwithstanding the foregoing, Defendant asserts that she acted without deliberate indifference, callous indifference, recklessness, malice, or any other discriminatory intent, either general or specific, necessary to give rise to a viable federal or state law cause of action.

150. Notwithstanding the foregoing, Defendant asserts to the extent Plaintiff has suffered any cognizable injury, which Defendant explicitly denies, the Plaintiff's own acts or omissions or the acts of another party caused or contributed to the Plaintiff's injury.

151. Notwithstanding the foregoing, Defendant asserts that Plaintiff is not entitled to any of the relief demanded in his pleadings, and that Plaintiff is not entitled to damages or costs in any amount.

152. Defendant further asserts that because she is a government official entitled to qualified immunity, Plaintiff is not entitled to punitive or exemplary damages against her, as a matter of law.

153.    Notwithstanding the foregoing, Defendant asserts her right to mitigation of damages and to the extent Plaintiff has failed to mitigate his damages that his damages, if any, should be adjusted accordingly.

154.    Notwithstanding the foregoing, Defendant asserts that Plaintiff is not entitled to an award of any attorney's fees and claims its entitlement to prohibit such an award.

155.    Notwithstanding the foregoing, Defendant asserts all statutory limitations of liability and all statutory limitations of damages and/or caps applicable to this case and permitted under law.

156.    To the extent that such is or may become applicable, Defendant claims her entitlement to the defenses of failure to exhaust administrative remedies, statute of limitations, waiver, estoppel, laches, failure to mitigate damages, collateral estoppel, *res judicata*, and after acquired evidence for all claims asserted against her. In asserting these defenses, Defendant does not admit that the burden of proving the allegations or denials contained in the defenses is upon her, but to the contrary, asserts that the burden of proving the allegations contained in many of the defenses is upon the Plaintiff.

157.    Notwithstanding the foregoing, Defendant asserts that Plaintiff settled and released all claims against WISD, its employees, and officials via his resignation and release agreement and asserts all remedies contained therein.

158.    Notwithstanding the foregoing, Defendant claims her entitlement to recover attorney's fees and costs of suit pursuant to statute, code, and/or judicial interpretation.

159.    Notwithstanding the foregoing, Defendant asserts the right to raise additional defenses that become apparent throughout the factual development of the case.

## II.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief for which the Defendant may be entitled, either at law or in equity.

        Respectfully submitted,

        **WALSH GALLEGOS KYLE**
        **ROBINSON & ROALSON P.C.**
        1020 N.E. Loop 410, Suite 450
        San Antonio, Texas 78209
        Telephone: (210) 979-6633
        Facsimile:(210) 979-7024


        By: /s/ Katie E. Payne
            Katie E. Payne
            State Bar No. 24071347
            kpayne@wabsa.com
            D. Craig Wood
            State Bar No. 21888700
            cwood@wabsa.com
            Adriana G. Rodriguez
            State Bar No. 24071467
            Federal ID No. 3803186
            arodriguez@wabsa.com

        **COUNSEL FOR DEFENDANT**


## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on the 13th day of June 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will cause it to be served upon all counsel of record.

        */s/ Katie E. Payne*
        Katie E. Payne